**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PULVER MACZ FUNERAL HOME, INC., | ) | Case No. 3:25-cv-1747 |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL OF** |
| | ) | **ACTION UNDER 28 U.S.C. § 1441** |
| v. | ) | **(Diversity Jurisdiction)** |
| | ) | |
| WEST BEND MUTUAL INSURANCE | ) | CIRCUIT COURT of the |
| COMPANY and HAUSCH & COMPANY, INC., | ) | FOURTH JUDICIAL |
| | ) | CIRCUIT, MARION COUNTY |
| Defendant. | ) | No. 2025 LA 27 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, WEST BEND INSURANCE COMPANY
f/k/a WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), by and through its
attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the
state court action described below:

**INTRODUCTORY FACTS**

1.     On or about July 29, 2025, Plaintiff, PULVER MACZ FUNERAL HOME, INC.,
filed an action in the Circuit Court of the Fourth Judicial Circuit for Marion County, Illinois, under
Case No. 2025 LA 27, against Defendants West Bend and HAUSCH & COMPANY, INC.
("Hausch"). Plaintiff's Complaint is attached hereto as Exhibit A and incorporated herein by
reference.

2.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as
it is filed within thirty (30) days after West Bend's receipt of Plaintiff's Complaint, which was
served on West Bend on or after August 6, 2025, setting forth the claim for relief upon which this
action is based.

3.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Exhibit A, ¶¶ 11, 14). Specifically, the Complaint states that the alleged damages to the property at issue here was nearly $592,000. (*Id.*).

4.      At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff was and is incorporated in Illinois with its principal place of business in Illinois. (Exhibit A, ¶ 1).

5.      At the time the Complaint was filed, and at all times subsequent thereto, West Bend was and is incorporated in Wisconsin with its principal place of business in Wisconsin. (Exhibit A, ¶ 2).

6.      At the time the Complaint was filed, and at all times subsequent thereto, Hausch was and is incorporated in Iowa with its principal place of business in Illinois. (Exhibit A, ¶ 3).

7.      Within the Complaint, Plaintiff asserted a single cause of action against Hausch based on Negligent Misrepresentation. (Exhibit A, ¶¶ 47-55).

## **JOINDER OF HAUSCH IS FRADULENT**

8.      The joinder of Hausch is fraudulent and should be disregarded for purposes of determining diversity jurisdiction.

9.      Under the fraudulent joinder doctrine, "an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). The doctrine is designed to prevent "reward[ing] abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove." *Id.* (quoting 14B Wright, Miller, Cooper & Steinman, § 3723).

10.     The Seventh Circuit recognizes fraudulent joinder of a non-diverse party as grounds for finding diversity jurisdiction supporting removal to federal court. *See, e.g.*, *Schur v. L.A. Weight Loss Centers, Inc*., 577 F.3d 752 (7th Cir. 2009) ("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction"); *Katonah v. USAir*, 868 F. Supp. 1031, 1034 (N.D. Ill. 1994) ("Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent.").

11.     Further, the federal court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763.

12.     Here, Plaintiff alleges that West Bend retained Hausch, a third-party field adjusting company, to inspect the property allegedly damaged by a weather event as described in the Complaint. (Exhibit A, ¶¶ 11-13). Plaintiff alleges in the Complaint that "Hausch's inspection was inadequate and failed to document the full scope of damages, resulting in an estimate grossly underreporting the extent of damage." (Exhibit A, ¶ 13). Plaintiff expressly alleges that Hausch acted as an agent, representative, or employee of West Bend and committed its acts or omissions within the scope of such employment. (Exhibit A, ¶ 35, 50).

13.     To establish a claim for negligent misrepresentation under Illinois law, a plaintiff must demonstrate:

(i)     A false statement of material fact;
(ii)    Carelessness or negligence in ascertaining the truth of the statement by the party making it;
(iii)   An intention to induce the other party to act;
(iv)    Action by the other party in reliance on the truth of the statement;
(v)     Damage to the other party resulting from such reliance; and
(vi)    A duty on the party making the statement to communicate accurate information.

*F:A J Kikson v. Underwriters Labs., Inc.*, 492 F.3d 794, 801 (7th Cir. 2007) (applying Illinois law).

14.     However, a negligent misrepresentation claim may only be brought against a defendant who is "in the business of supplying information for the guidance of others in their business dealings and ***provided untrue information to the plaintiff***." *Kim v. State Farm Mut. Auto. Ins. Co.*, 2021 IL App (1st) 200135, ¶ 50 (emphasis added); *see also Freedberg v. Ohio Nat'l Ins. Co*., 2012 IL App (1st) 110938 (no recovery for negligent misrepresentation absent proof the information *was intended for plaintiff* and plaintiff relied on misstatement to her detriment).

15.     As previously stated, the only claim made against Hausch by Plaintiff is in Count III – Negligent Misrepresentation. Plaintiff alleges that, "[a]s West Bend's agent, Hausch owed Plaintiff a duty to communicate accurate information regarding the loss as part of, among other things, West Bend's obligation to adjust the claim in good faith." (Exhibit A, ¶ 50). However, this allegation clearly misconstrues to whom Hausch owed a duty based on Plaintiff's foundational allegations regarding the nature of the relationships among the parties. Hauch did not owe any duty to Plaintiff; rather, Hauch, "a third-party field adjusting company" hired by West Bend "to inspect the Property" so that West Bend could prepare an estimate (Exhibit A, ¶ 13), only owed a duty to West Bend.

16.     Hausch was neither engaged in the business of supplying information for the guidance of Plaintiff nor could Plaintiff reasonably rely on the information provided to West Bend. Hausch's role was limited to investigating for and reporting to West Bend—meaning no direct duty to Plaintiff existed.

17.     Illinois distinguishes between adjusters who work for insurance companies and those who work for policyholders:

(B) "Independent adjuster" means the insurance adjusters who are hired on a contract basis by an insurance company to represent the insurance company's interest in the settlement of the claim. They are paid by your insurance company. They will not charge you a fee.

(C) "Public adjuster" means the insurance adjusters who do not work for any insurance company. They work for the insured to assist in the preparation, presentation and settlement of the claim. The insured hires them by signing a contract agreeing to pay them a fee or commission based on a percentage of the settlement, or other method of compensation.

215 ILCS 5/1575(f). In *Lodholtz v. York Risk Services Group, Inc.*, 778 F.3d 635, 641, n.11 (7th Cir. 2015), the Seventh Circuit, addressing Indiana law, conducted a survey of state-court decisions to confirm that the majority of states have held that a claims adjuster owes no independent duty to the insured. Although no case from Illinois was included in the survey, Illinois' distinction between insurance company adjusters and policyholder adjusters is consistent with *Lodholtz's* ruling that an insurance claims adjuster owes no independent duty to the insured.

18.    Plaintiff's allegations are consistent with the distinction Illinois draws between insurance company adjusters and policyholder adjusters by acknowledging throughout that Hausch worked for West Bend, not Plaintiff. If Hausch failed in its duty to West Bend, and if any such failure caused West Bend to breach the policy of insurance, Plaintiff's remedy lies against West Bend for breach of contract, not against West Bend's individual adjusters, be they employees or third-party adjusting companies. Although Plaintiff may have been aware of the information Hausch provided to West Bend, any deficiency in the information provided to West Bend, for West Bend's consumption, is simply not actionable by Plaintiff. Because Plaintiff's claim against Hausch has no chance of success, Hausch's citizenship cannot defeat West Bend's right of removal premised on diversity.

## <u>REMOVAL IS APPROPRIATE</u>

19.    Plaintiff has named Hausch solely for the purpose of defeating federal diversity jurisdiction, as there is no reasonable basis for its claim against the independent adjuster under Illinois law.

20.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as evidenced by the Complaint. (Exhibit A, ¶¶ 11, 14).

21.    Since complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds $75,000, this court has original jurisdiction over this action.

22.    To the extent necessary as a fraudulently joined defendant, Defendant Hausch consents to the removal to this Court of the state court action described above, as reflected in the consent to removal executed by its attorney attached hereto.

23.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of Illinois embraces the place where the state court action is pending.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon Plaintiff, and a copy of this Notice is being filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit for Marion County, Illinois.

WHEREFORE, Defendant, WEST BEND INSURANCE COMPANY f/k/a WEST BEND MUTUAL INSURANCE COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court of the Fourth Judicial Circuit for Marion County, Illinois, under Case No. 2025 LA 27, be removed therefrom to the United States District Court for the Southern District of Illinois, and that this cause proceed in this Court as an action properly removed thereto.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com

Attorneys for Defendant,
WEST BEND INSURANCE COMPANY f/k/a
WEST BEND MUTUAL INSURANCE
COMPANY

## CONSENT TO REMOVAL

Defendant, HAUSCH & COMPANY, INC., hereby consents to the removal of the civil action filed by Plaintiff, PULVER MACZ FUNERAL HOME, INC., against it in the Circuit Court of the Fourth Judicial Circuit for Marion County, Illinois, under Case No. 2025 LA 27, to the United States District Court for the Southern District of Illinois, the federal district wherein the Circuit Court of the Fourth Judicial Circuit for Marion County, Illinois is located.

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com

Attorneys for Defendant,
HAUSCH & COMPANY, INC.

## **CERTIFICATE OF SERVICE**

       I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on September 5, 2025, at the email address set forth below.

       Bradley H. Dlatt
       Perkins Coie LLP
       110 N. Wacker Dr., Suite 3400
       Chicago, IL 60606
       312-324-8400
       bdlatt@perkinscoie.com

       Derek Fadner
       Storm Law Partners, PLLC
       1000 Main St., Suite 2300
       Houston, TX 77002
       832-323-3000
       derek@stormlawpartners.com
       service@stormlawpartners.com

       /s/ Thomas B. Orlando
       Thomas B. Orlando
       FORAN GLENNON PALANDECH
       PONZI & RUDLOFF PC
       222 N. LaSalle Street, Suite 1400
       Chicago, IL 60601
       312-863-5000
       torlando@fgppr.com