UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PULVER MACZ FUNERAL HOME, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>WEST BEND MUTUAL INSURANCE COMPANY, and HAUSCH & COMPANY, INC.,<br><br>  Defendants. | Case No. 25-cv-01747-JPG |

**MEMORANDUM AND ORDER**

This case is before this Court after it ordered Plaintiff Pulver Macz Funeral Home ("Pulver Macz") to show cause why the Court should not use the fraudulent joinder doctrine to disregard the citizenship of Defendant Hausch & Company ("Hausch") when determining whether the parties are completely diverse under 28 U.S.C. § 1332(a) (Doc. 8).

**I.    BACKGROUND**

On July 29, 2025, Pulver Macz filed this action in the Marion County Circuit Court against Defendants West Bend Mutual Insurance Company ("West Bend") and Hausch. The complaint alleges two causes of action—breach of contract and violation of Section 155 of the Illinois Insurance Code—against West Bend, and one cause of action—negligent misrepresentation—against Hausch. On September 5, 2025, West Bend filed a Notice of Removal (Doc. 1). In its notice of removal, West Bend asks the Court to apply the fraudulent joinder doctrine to disregard the citizenship of Hausch for the purposes of determining diversity jurisdiction. The following day, the Court entered an order requiring Pulver Macz to show cause why the Court should not use the fraudulent joinder doctrine to disregard the citizenship of Hausch. Pulver Macz filed a response that asks the Court to remand the case because (1) Hausch

was not fraudulently joined, and (2) West Bend's removal was untimely. (Doc. 12). West Bend filed a reply that addresses both arguments (Doc. 16).

## II.   LEGAL STANDARD

### A.  Removal Standard:

A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). If the case stated by a plaintiff's initial pleading is removeable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). If the notice of removal is defective for failure to meet time requirements, the Court should remand the case pursuant to 28 U.S.C. § 1447(c).

## III.  ANALYSIS

### A.  Timeliness of Removal:

The Court starts by addressing Pulver Macz's argument that it should remand this case because West Bend's removal was untimely. Here, Pulver Macz served West Bend pursuant to 215 ILCS 5/123. The statute states that a company's "issuance or delivery of contracts of insurance" to Illinois residents constitutes "an appointment by such company, of the Director and his or her successor . . . to be its true and lawful attorney upon whom may be served all lawful

process in any action or proceeding against it, arising out of such policy or contract of insurance." *Id.* In addition, it describes how to serve process on the Director:

> Service of such process shall be made by delivering and leaving with the Director a copy thereof and the payment to the Director of the fee prescribed by this Code. The Director shall keep a record of all process so served upon him or her. Such process shall be sufficient service upon such foreign or alien company provided notice of such service and a copy of the process are, within 10 days thereafter, sent by certified or registered mail by the plaintiff's attorney of record to the defendant at the last known principal place of business of the defendant . . . .

*Id.* Pulver Macz served Michelle Dianzo, an Office Associate at the Illinois Department of Insurance, on August 1, 2025. However, it was not until five days later, on August 6, 2025, that Ann Gillespie, the Director of the Illinois Department of Insurance, received the service of process. Thus, West Bend was served on August 6, 2025. West Bend filed its notice of removal on September 5, 2025, which is within thirty days after it received the complaint. Therefore, its removal was timely.

    B.  <u>Fraudulent Joinder:</u>

Since the Court finds that the removal was timely, it must decide whether Hausch was fraudulently joined in this action. In its notice of removal, West Bend asserts that the Court has original diversity jurisdiction over this matter. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In this case, there is not complete diversity between the parties because Pulver Macz and Hausch are citizens of the same state. However, West Bend asks the Court to disregard Hausch's citizenship for diversity purposes because Hausch was "fraudulently joined" as a defendant in this case.

The doctrine of fraudulent joinder is based on the principle that a plaintiff cannot defeat a

defendant's right to removal by naming or joining a nondiverse party against whom it has no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Schur*, 577 F.3d at 763; *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Court must ignore the citizenship of fraudulently joined defendants when determining if it has diversity jurisdiction. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763; *Gottlieb*, 990 F.2d at 327. If diversity jurisdiction exists once the fraudulently joined parties' citizenships have been disregarded, the Court may dismiss the fraudulently joined defendants and continue exercising jurisdiction over the case. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763. The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder. *Schur*, 577 F.3d at 763. Doubts about whether a defendant was fraudulently joined and whether removal was, as a consequence, proper must be resolved in favor of the plaintiff. *Morris*, 718 F.3d at 668. Fraudulent joinder must be proven by clear and convincing evidence. 5 MOORE'S FEDERAL PRACTICE § 102.21[5][a] (3d ed. 2002).

     Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against a nondiverse defendant, or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb*, 990 F.2d at 327. To establish fraudulent joinder under the first prong, a defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original); *accord Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 764. If there is "any reasonable possibility," *Poulos*, 959 F.2d at 73, that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined. *Schur*, 577 F.3d at 764.

West Bend argues that Hausch was fraudulently joined because there is no possibility that Pulver Macz can state a claim against Hausch for negligent misrepresentation. The Court agrees. To establish a claim of negligent misrepresentation under Illinois law, a plaintiff must demonstrate:

> (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.

*Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 562 (Ill. App. Ct. 2003). The Court starts by noting that it is not convinced that Pulver Macz can prove Hausch was under a duty to communicate accurate information to Pulver Macz. Hausch is a third-party field adjusting company that was hired by West Bend to inspect the property so West Bend could prepare an estimate. Under Illinois law, Hausch is an independent adjuster. *See* 215 ILCS 5/1575(f)(1)(B) ("'Independent adjuster' means the insurance adjusters who are hired on a contract basis by an insurance company to represent the insurance company's interest in the settlement of the claim. They are paid by your insurance company. They will not charge you a fee."). The majority of states have held that an independent adjuster owes no independent duty to the insured. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 641 n.11 (7th Cir. 2015) ("A survey of state-court decisions confirms that the majority of states have held that a claims adjuster owes no independent duty to the insured."). However, no Illinois court has addressed this question, and the Court does not need to because it finds that Pulver Macz is unable to establish that it took any action in reliance on a statement made by Hausch.

Pulver Macz alleges that it "reviewed and relied on Hausch's analysis as part of West

Bend's reporting until [it] hired its own independent contractor to independently value the claim." However, the allegation of reliance does not align with the facts in this case. Hausch inspected Pulver Macz's property on August 5, 2023, and provided its initial estimate on August 25, 2023. Pulver Macz retained its own contractor, Elite Contracting and Consulting ("Elite"), to independently value its claim. Elite inspected the property on August 5, 2023, and provided its initial estimate that same day. Therefore, Pulver Macz received its independent estimate from Elite nearly three weeks before it received any information from Hausch. As such, Pulver Macz is unable to show that it took any action in reliance on its trust in a statement made by Hausch. Since it is not possible for Pulver Macz to make out a claim against Hausch for negligent misrepresentation, Hausch was fraudulently joined in the action. If the citizenship of Hausch is disregarded, the requirements for diversity jurisdiction are met. *See* 28 U.S.C. § 1332. First, there is complete diversity of citizenship between the parties. Pulver Macz is a citizen of Illinois, and West Bend is a citizen of Wisconsin. Second, the amount in controversy exceeds $75,000. Pulver Macz alleges that the damage to the property at issue was nearly $952,000. Accordingly, the Court will dismiss Hausch as a defendant in this action and continue to exercise jurisdiction over this case.

## IV. CONCLUSION

The Court finds that this case is properly in federal court for two reasons. First, West Bend's notice of removal was timely. Second, Hausch was fraudulently joined in this action. If the citizenship of Hausch is disregarded, both requirements for original diversity jurisdiction are met. Therefore, the Court DISMISSES Pulver Macz's negligent misrepresentation claim against Hausch without prejudice and retains jurisdiction over the case.

**IT IS SO ORDERED.**
**DATED**: **October 22, 2025**

                                                            s/ J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **United States District Judge**