UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PULVER MACZ FUNERAL HOME, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 25-cv-01747-JPG |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant West Bend Mutual Insurance Company ("West Bend")'s Motion to Dismiss (Doc. 26). It asks the Court to dismiss Count 2 of Plaintiff Pulver Macz Funeral Home's complaint, which alleges vexatious and unreasonable delay under § 155 of the Illinois Insurance Code, 215 ILCS 5/155. Plaintiff filed a response (Doc. 37), and West Bend filed a reply (Doc. 41).

**I.     BACKGROUND**

Plaintiff owns and operates a commercial property located at 111 Perkins Street, Odin, IL 62970 ("the Property"). On July 29, 2023, the Property suffered significant damage from a wind and hailstorm. At the time, the Property was covered by a commercial insurance policy with West Bend ("the Policy"). Upon discovering the damage, Plaintiff promptly filed a claim with West Bend. On August 5, 2023, West Bend's claim adjuster, Nate Horrie, assigned Hausch & Company ("Hausch") to inspect the property. Based on Hausch's investigation, West Bend prepared an initial estimate dated August 25, 2023, showing a replacement cost value of $38,746.67.

Plaintiff retained its own expert, Elite Contracting and Consulting ("Elite"), to prepare an

estimate of the damage. On August 5, 2023, Elite inspected the Property and documented total damages of $951,961.32. Plaintiff provided Elite's initial analysis to West Bend on December 21, 2023. Elite provided additional estimates to West Bend on April 29, 2024. On June 2, 2024, almost a year after the date of loss, West Bend, assisted by Hausch, prepared a revised estimate of damages. The revised estimate identified additional damages to the Property, increasing the replacement cost value to $98,958.76. It also allotted $334,010.04 for code upgrades, subject to applicable Policy limits. On June 3, 2024, West Bend, relying on information provided by Hausch, issued a letter to Plaintiff explaining its findings.

On August 19, 2024, Elite, on behalf of Plaintiff, notified West Bend that electrical testing was performed on the Property and that every room failed the continuity test except for three. West Bend was notified that the Property was still unable to have power restored to it because of the electrical damage caused by the storm. Subsequently, on August 19, 2024, West Bend had Donan Engineering ("Donan") prepare a forensic engineering report to investigate the electrical issues on the Property. Donan determined that the "[e]lectrical service to the funeral home was damaged" and "[a]ny wiring or electrical devices exposed to water or moisture from the roof leaks should be replaced." Despite receiving documentation about the storm causing electrical damage to the Property, West Bend failed to adequately account for the removal and replacement of the damage.

On July 29, 2025, Plaintiff filed a complaint in the Marion County Circuit Court against West Bend and Hausch. The complaint alleged two causes of action—breach of contract and violation of Section 155 of the Illinois Insurance Code—against West Bend, and one cause of action—negligent misrepresentation—against Hausch. West Bend removed the case to this Court

on September 5, 2025. In its notice of removal, West Bend asked the Court to apply the fraudulent joinder doctrine to disregard the citizenship of Hausch for the purposes of determining diversity jurisdiction. On October 22, 2025, the Court entered a Memorandum and Order that dismissed Plaintiff's negligent misrepresentation claim against Hausch without prejudice and retained jurisdiction over the case.

## II.     LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556). A plaintiff need not plead detailed factual allegations, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atl. Corp.*, 550 U.S. at 555.

## III.    ANALYSIS

Section 155 of the Illinois Insurance Code provides an award of attorney fees and an

additional penalty where an insurer's refusal or delay in payment of claims was vexatious and unreasonable. 215 ILCS 5/155. The purpose of the statute is "to make suits by policyholders economically feasible and punish insurance companies for misconduct." *McGee v. State Farm Fire & Cas. Co.*, 734 N.E.2d 144, 151 (Ill. App. Ct. 2000). "An insurer's actions are not vexatious and unreasonable if '(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law.'" *TKK USA, Inc. v. Safety Nat'l Cas. Corp.*, 727 F.3d 782, 793 (7th Cir. 2013) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citations omitted)). "'Whether an insurer acted unreasonably or vexatiously presents an issue of fact' that requires 'courts to consider the totality of circumstances.'" *Sutherland-Garnier Funeral Home, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. 3:23-CV-1501-MAB, 2023 WL 8715859, at *2 (S.D. Ill. Dec. 18, 2023) (quoting *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007) (citations omitted)).

West Bend first argues that Plaintiff's § 155 claim should be dismissed because it does not plead sufficient factual matter to support its claim that West Bend's conduct was vexatious and unreasonable. West Bend contends that the complaint contains nothing more than "conclusory allegations" that "simply parrot various provisions under Section 154.6 and 155."

Dismissal of a claim under § 155 is appropriate "when a plaintiff . . . fails to state a sufficient factual basis for sanctions . . . ." *Sutherland-Garnier Funeral Home*, 2023 WL 8715859, at *2 (quoting *Fed. Ins. Co. v. Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp.

4

3d 893, 901 (N.D. Ill. 2021) (citations omitted)). "Simply pleading that the insurer knowingly and intentionally refused to provide insurance coverage and that the insurer's refusal was and continues to be vexatious and unreasonable, without some modicum of factual support, is insufficient to plausibly suggest that the insured is entitled to relief under the statute." *Call One Inc. v. Berkley Ins. Co.*, 587 F. Supp. 3d 706, 720 (N.D. Ill. 2022).

      The Court believes that Plaintiff has alleged sufficient factual allegations in the complaint to state a claim under § 155. It is true that some of Plaintiff's allegations that West Bend acted vexatiously and unreasonably are conclusory. However, Plaintiff also alleges more. First, it alleges that West Bend failed to conduct a "full, fair, objective, and unbiased investigation based on all available facts and circumstances." It points to specific inadequacies, including that: (1) West Bend's agent, Hausch, failed to document the full scope of damages by preparing an initial estimate that omitted several rooms inside of the Property and failed to account for costs necessary to bring the Property up to current building codes; and (2) West Bend refused to evaluate information provided to it by Plaintiff, Elite, and Donan regarding the scope of damage to the Property and instead relied on the incomplete assumptions and conclusions of Hausch. "An insurer who misrepresents facts, denies coverage after refusing to conduct an adequate investigation, and bases its decision upon speculation or incomplete information could be considered to have acted without reasonable cause." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011); *See also Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F. Supp. 2d 954, 960 (S.D. Ill. 2007) (finding that allegations that insurer refused to negotiate and conducted an inadequate investigation were sufficient to state a claim under § 155); *P & M/Mercury Mech. Corp. v. W. Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006) (concluding that

allegations that insurer relied on inaccurate report and failed to consider all information were sufficient to state a claim under § 155).

Second, it alleges that West Bend has not attempted "in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim." Plaintiff points to many delays and inaction on the part of West Bend. West Bend stood on its initial valuation report for over eight months, even after Plaintiff provided West Bend with Elite's report reflecting a total project cost of $951,961.32 and Elite directly provided West Bend with additional estimates and information about the Property. Further, West Bend was notified of electrical issues on the Property by both Elite and Donan in August 2024, and to this day, has not acted on this information to provide additional coverage. "While delay, by itself, is insufficient to support a claim under § 155, delay coupled with other culpable conduct can be sufficient." *Sieron*, 485 F. Supp. 2d at 960. Here, the fact that there was delay, combined with Plaintiff's allegations that West Bend "unreasonably delayed its investigation" and "ignored" information provided by Plaintiff and Elite, is sufficient to state a claim under § 155. *See King Pub. Adjusters Grp., Inc. on behalf of Khan v. Travelers Ins. Co.*, No. 25 CV 5803, 2025 WL 3620979, at *4 (N.D. Ill. Dec. 15, 2025).

West Bend argues that Plaintiff's allegations that it conducted an inadequate investigation and delayed effectuating a settlement are mere legal conclusions. But the assertions that West Bend failed to conduct a "full, fair, objective, and unbiased investigation based on all available facts and circumstances" and has not attempted "in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim," are not legal conclusions; they are facts which the Court accepts as true. *See Markel Am. Ins. Co.*, 787 F. Supp. 2d at 779 (determining that assertions that insurer "'misrepresented . . . relevant facts' or 'failed to conduct a full, fair and

prompt investigation' are not, at all, legal conclusions; they are facts, albeit general one, which the Court must accept as true").

West Bend's second argument is that Plaintiff's § 155 claim should be dismissed because allegations in the complaint establish the existence of a bona fide coverage dispute. Its argument is that Plaintiff "has alleged nothing more than a disagreement between experts" and "[t]he mere existence of competing opinions on valuation establishes a bona fide dispute."

Dismissal of a claim under § 155 is proper "when a bona fide dispute regarding coverage is apparent from the face of the complaint." *Fed. Ins. Co.*, 567 F. Supp. 3d at 901 (citation omitted). However, that is not the case here. The complaint establishes "that there is a coverage dispute, but not that it is a bona fide dispute." *Sutherland-Garnier Funeral Home*, 2023 WL 8715859, at *3. "In fact, the allegations in the complaint (which the Court accepts as true here) suggest that the dispute is *not* bona fide, and [West Bend's] position as to the amount of the loss is feigned because [West Bend] refused to conduct an adequate investigation and based its decision upon incomplete information, amongst other things." *Id.*

Further, West Bend's argument is premature. Whether a bona fide dispute exists is a fact-specific inquiry. *Id.* At this point in the case, no facts have been developed. "This case is still in the pleadings stage and at the time the instant motion was filed, no discovery had been conducted." *Id.* Put simply, "[t]he Court does not have the evidence necessary to consider the totality of the circumstances and cannot decide at this stage whether the dispute is bona fide or not." *Id.*; *See also Souza v. Erie Ins. Co.*, No. 22-CV-3744, 2023 WL 4762712, at *8 (N.D. Ill. July 25, 2023) ("[C]ourts routinely decline to dismiss claims based on the existence of a bona fide dispute at the motion to dismiss stage, before the court has the benefit of all the evidence.");

*Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10-CV-2062, 2014 WL 562970, at *5–6 (C.D. Ill. Feb. 13, 2014) (finding that it was "too early" to decide whether the insurer's "initial position was based on a bona fide dispute as to coverage" and the issue is "one that cannot be resolved on a motion to dismiss").

### IV. CONCLUSION

The Court finds that: (1) Plaintiff has pleaded sufficient facts to state a claim under § 155; and (2) it is not apparent from the face of the complaint that there is a bona fide coverage dispute. Therefore, the Court DENIES Defendant West Bend Mutual Insurance Company's Motion to Dismiss (Doc. 26).

**IT IS SO ORDERED.**
**DATED**:   **February 2, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**